UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN CHAVEZ-BENITEZ,<br><br>Defendant. | 4:18-CR-40058-KES<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Defendant, Juan Chavez-Benitez, filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 127. Plaintiff, the United States of America, opposes the motion. Docket 130. The court issues the following order.

## BACKGROUND

On April 3, 2019, Chavez-Benitez pleaded guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 86 ¶ 2. On August 6, 2019, the court sentenced Chavez-Benitez to 151 months in federal custody. Docket 97. His projected release date is July 6, 2029. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 24, 2025) (enter BOP register number 77444-097). Chavez-Benitez is currently incarcerated at FCI Atlanta, a low security federal correctional institution with a detention center. *See id.*; *FCI Atlanta*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/atl/ (last visited March 24, 2025).

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One narrow exception is the First Step Act (FSA), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c). *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction. U.S.S.G. § 1B1.13(a)-(b). The defendant also must not pose a danger to the public. *Id.* The policy statement was amended on November 1, 2023, to reflect the FSA's empowerment of federal courts to adjudicate defendant-initiated motions for compassionate release. U.S.S.G. § 1B.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. *See id.*; *2023 Amendments in Brief*, U.S. Sent'g

Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited March 5, 2025).

## I. Administrative Exhaustion

For a compassionate release motion to be properly filed, (1) the warden must file a motion on the defendant's behalf, or (2) a defendant may file a motion after having exhausted all administrative rights to appeal the BOP's failure to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Chavez-Benitez submitted a compassionate release request to the warden on April 2, 2024. Docket 129 at 85-86. Chavez-Benitez's request was denied by the warden on April 24, 2024. *Id.* at 87. The government does not challenge Chavez-Benitez's motion on the grounds of failure to exhaust. Docket 130 at 1-2. Thus, the court will review the matter on the merits.

## II. Extraordinary and Compelling Reasons

To qualify for compassionate release, the defendant must meet the requirements for at least one of the following categories: (1) medical circumstances; (2) advanced age and deteriorating health; (3) family circumstances; (4) victimization by correctional staff; (5) catch-all circumstances; and (6) defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)-(6). The catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G.

3

§ 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a nonretroactive change in sentencing law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted. U.S.S.G. § 1B1.13(d). An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. U.S.S.G. § 1B1.13(e).

Chavez-Benitez argues that his family circumstances constitute extraordinary and compelling reasons for compassionate release. Docket 127 at 2. Thus, the court analyzes his claims under the compelling family circumstances category of § 1B1.13(b)(3). The court need not consider Chavez-Benitez's medical circumstances, his age, any victimization by correctional staff, or whether Chavez-Benitez received an unusually long sentence because he does not argue such circumstances apply to him. *See* U.S.S.G. §§ 1B1.13(b)(1), (2), (4), (6). Similarly, because Chavez-Benitez does not argue that a combination of circumstances not explicitly addressed by the guidelines warrants his release, the court does not consider the catch-all category. *See* Docket 127; U.S.S.G. § 1B1.13(b)(5).

To justify compassionate release under the family circumstances category, U.S.S.G. § 1B1.13(b)(3) requires that the defendant demonstrate one of the following: (1) death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition; (2) incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner; (3) incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent; or (4) that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving an immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver. U.S.S.G. § 1B1.13(b)(3).

Chavez-Benitez argues that compassionate release is warranted under the third type of medical circumstance. Docket 127 at 2. Namely, Chavez-Benitez asserts that the caregiver of his minor son is incapacitated, and Chavez-Benitez is the only available caregiver. *Id.* at 1-2.

Chavez-Benitez has not provided sufficient evidence to render his reasons extraordinary or compelling. Under U.S.S.G. § 1B1.13(b)(3), Chavez-Benitez must be the only person available to care for his son. Currently, his son is in the care of his mother, along with Chavez-Benitez's other children. Docket 127 at 3. Although the court is sympathetic to Chavez-Benitez's

5

concern for his son's developmental progress, Chavez-Benitez has not provided documentation to indicate that his child's mother is incapacitated. *See generally id.*

In his motion, Chavez-Benitez cites to three cases he believes support compassionate release for family circumstances. *See id.* This court is not bound by those decisions but will address the cases here. First, in *United States v. Bolden*, the defendant argued he was entitled to compassionate release based on the family circumstances category because the caregiver of his minor child—his wife—was incapacitated. *United States v. Bolden*, 2020 WL 4286820, at *4 (W.D. Wash. July 27, 2020). The court determined that while the BOP statement regarding incapacitation is non-binding, it is instructive when determining whether facts presented "amount to 'extraordinary and compelling' reasons warranting compassionate release." *Id.* Based on this determination, the court ruled that the caregiver for the defendant's minor child was not incapacitated, and the defendant failed to meet the necessary conditions. *Id.* at *5. Thus, *Bolden* does not support granting Chavez-Benitez's motion.

In *United States v. White*, the court considered compassionate release for the defendant based on family circumstances (among other categories). *United States v. White*, 2021 WL 1721016, at * 3-4 (E.D. La. Apr. 30, 2021). The court turned to the non-binding BOP statement for guidance on the meaning of "incapacitation." *Id.* The court determined that incapacitation, under the guidelines, meant that the "family member caregiver suffered a severe injury

6

. . . or suffers from a severe illness . . . that renders the caregiver incapable of caring for the child." *Id.* at *3-4. In considering the defendant's motion, the court determined that even though the defendant had sufficiently shown the caregiver of his minor child had cancer, he had not demonstrated that the condition left the caregiver "completely disabled." *Id.* at *4. Thus, the court denied the defendant's motion for compassionate release. *Id.* at *5.

Lastly, in *United States v. Woolfolk*, the defendant moved for compassionate release under the family circumstances category, arguing that the minor children's caregiver was incapacitated. *United States v. Woolfolk*, 2022 U.S. Dist. LEXIS 201771, at *6-7 (M.D. Ga. Nov. 4, 2022). The court granted the motion when the defendant demonstrated that: (1) her mother was the only available caregiver for her children, and (2) given her mother's mental and physical illnesses, the caregiver was unable to care for herself, let alone the defendant's children. *Id.* at *9-10. But the circumstances in *Woolfolk* are not present here, because Chavez-Benitez has not shown his child's mother cannot care for the child. Thus, this case also does not support Chavez-Benitez's motion for compassionate release.

The court denies Chavez-Benitez compassionate release to care for his children because Chavez-Benitez has not provided sufficient records to show (1) his children's caregiver is incapacitated, and (2) that he is the only available caregiver. *See* Docket 127; Docket 139; *see also United States v. Medearis*, 2024 W: 5252488, at *2-3 (D.S.D. Dec. 31, 2024) (citation omitted); *see also United States v. Gross*, 2024 WL 5119969, at *3 (D.S.D. Dec. 16, 2024); *United*

7

*States. Prado,* 2024 WL 3964420, at *2-3 (D.S.D. Aug. 28, 2024) (citations omitted). Thus, Chavez-Benitez's family circumstances do not constitute an extraordinary and compelling reason warranting release under U.S.S.G. § 1B1.13(b)(3).

### III. Sentencing Factors of § 3553(a)

The § 3553(a) sentencing factors confirm that compassionate release is not warranted. The first factor the court considers is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Chavez-Benitez plead guilty to one count one count of conspiracy to distribute a controlled substance. Docket 86 ¶ 2. Chavez-Benitez voluntarily and intentionally entered into an agreement to supply his co-conspirators with methamphetamine. *Id.* ¶¶ 2, 8. Chavez-Benitez had an opportunity to end his participation in the conspiracy after one co-conspirator was arrested, but instead Chavez-Benitez continued to provide co-conspirators with methamphetamine. *Id.* ¶¶ 8-22. In total, Chavez-Benitez provided his co-conspirators with over 2,000 grams of methamphetamine actual and over 20,000 grams of methamphetamine. *Id.* ¶ 23. Chavez-Benitez not only had co-conspirators come to his residence during transactions, but he told one co-conspirator that the "drug business was a 'family business.'" *Id.* ¶¶ 12-13, 17-19. The seriousness of Chavez-Benitez's offense demands a just sentence that reflects the crime.

Chavez-Benitez's personal characteristics are also not favorable to his motion. Chavez-Benitez's criminal history score is 2, which puts him in

criminal history category II. *Id.* ¶ 49. Chavez-Benitez had convictions for simple assault, disorderly conduct, and driving with a revoked or suspended license. *Id.* ¶¶ 40-48. Chavez-Benitez reports that he does not have a history of mental health issues. *Id.* ¶ 62. Chavez-Benitez has a long history of substance abuse, including usage of alcohol, marihuana, cocaine, and methamphetamine. *Id.* ¶¶ 63-67. Chavez-Benitez is not a United States citizen and claims he will be subject to removal proceedings after he is released. Docket 127 at 6. His PSR indicates that should he be deported, Chavez-Benitez's family intends to move to Southern California to be closer to him. Docket 86 ¶ 60. Chavez-Benitez's criminal history indicates that compassionate release is not appropriate. The court finds the characteristics and history of the defendant do not support the motion.

The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Here, granting compassionate release would not promote respect for the law or provide just punishment. Chavez-Benites does not state that he regrets his actions. *See generally* Docket 127. Noted in his PSR, at the time of the interview, Chavez-Benitez had "not clearly accepted responsibility for his actions." Docket 86 ¶ 27. The PSR outlines that Chavez-Benitez was an active and knowing participant. *Id.* ¶¶ 8-24. Chavez-Benitez obtained methamphetamine from a source in Texas and provided it to his co-conspirators. *Id.* Further, his actions did not stop even when one of his co-conspirators was arrested for actions

9

associated with the conspiracy. *Id.* Finally, while Chavez-Benitez has served over half of his 151-month sentence, this is not sufficient punishment for his actions. For these reasons, granting a sentence reduction would not promote respect for the law nor provide just punishment.

The remaining § 3553(a) factors do not support a sentence reduction. If the court were to grant compassionate release, similar conduct in others would not be deterred because Chavez-Benitez's punishment would not be severe enough to act as an effective deterrent. *See* 18 U.S.C. § 3553(a)(2)(B). Chavez-Benitez was found guilty of conspiracy to distribute a controlled substance. Docket 97. Reducing his sentence at this time would not protect the public from further crimes if Chavez-Benitez resumed his criminal behavior. *See* 18 U.S.C. § 3553(a)(2)(C). Thus, the court finds that the remaining § 3553(a) factors weigh against Chavez-Benitez.

In sum, the court sentenced Chavez-Benitez to 151 months in custody. Docket 97. The imposed sentence was lower than the advisory guideline range. *See* Docket 86 ¶¶ 75-76. After careful consideration, the court concludes that Chavez-Benitez's sentence continues to be appropriate for the seriousness of the crimes to which he was found guilty.

## CONCLUSION

Chavez-Benitez failed to satisfy the extraordinary and compelling reason standard under 18 U.S.C. § 3582(c)(1)(A)(i). Thus, Chavez-Benitez's motion to reduce his sentence fails. It is

ORDERED that defendant's motion for relief under the First Step Act

(Docket 127) is denied.

Dated April 22, 2025.

BY THE COURT:

**/s/ Karen E. Schreier**
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE